IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 12, 2008 at Jackson

## RONALD FIELDING v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2001-D-2358    Cheryl Blackburn, Judge**

-------

**No. M2007-02356-CCA-R3-PC - Filed June 10, 2009**

-------

The petitioner, Ronald Fielding, appeals as of right the Davidson County Criminal Court's denial of his petition for post-conviction relief challenging his convictions for three counts of rape of a child, two counts of aggravated sexual battery and one count of rape for which he received an effective fifty-year sentence to be served in the custody of the Department of Correction. On appeal, he alleges that his guilty plea was involuntary and that both trial and appellate counsel were ineffective. Following our review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which ALAN E. GLENN, J., joined. JOSEPH M. TIPTON, P.J., filed a dissenting opinion.

Paula Ogle Blair, Nashville, Tennessee, attorney for appellant, Ronald Fielding.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Bret Thomas Gunn, Assistant District Attorney General, attorneys for appellee, State of Tennessee.

### OPINION

A Davidson County Grand Jury, in a thirty-seven count indictment, charged the petitioner with aggravated sexual battery, rape, child rape, statutory rape, furnishing alcohol to a minor, exposing a minor to pornography, and rape of an incapacitated victim. The offenses involved acts committed against three boys between August 15, 2000, and April 15, 2001. On August 9, 2002, the petitioner pled guilty to three counts of rape of a child, two counts of aggravated sexual battery, and one count of rape of an incapacitated victim. In exchange for the guilty plea, all other counts were dismissed. The parties also agreed that the trial court would determine sentencing as long as

the total effective sentence did not exceed fifty years. The trial court imposed sentences of twenty-five years for each child rape count, and twelve years for each aggravated sexual battery count and the rape of an incapacitated victim count. The trial court ordered one child rape count to be served consecutively to all other counts, which were ordered to be served concurrently, for a total effective sentence of fifty years to be served at one hundred percent release eligibility. The petitioner appealed the trial court's sentencing determination and this court affirmed the sentencing decision on appeal and the supreme court denied further review. State v. Ronald Fielding, No. M2003-01055-CCA-R3-CD, 2004 WL 948387 (Tenn. Crim. App. May 4, 2004), app. denied (Tenn. Oct. 11, 2004).

On October 5, 2005, the petitioner filed a petition for post-conviction relief. He alleged that his guilty plea was involuntary and the result of ineffective assistance of counsel at trial. Specifically, he claimed that a thorough and competent investigation of the petitioner's case would have yielded a "valid defense to the charges" and that the petitioner would not have pled guilty. He also alleged that counsel was ineffective on appeal for failing to challenge the sentencing decision of the trial court pursuant to Blakely v. Washington, 542 U.S. 296 (2004), and failing to challenge the trial court's denial of the motion to withdraw guilty plea. The petitioner also alleged that his guilty plea was involuntary because he was on suicide watch and medicated at the time of the plea. An amendment to the petition also alleged that trial counsel failed to inform the petitioner that he would serve one hundred percent of the fifty year sentence.

At the opening of the May 2, 2007, evidentiary hearing, the post-conviction court found that the issues regarding trial counsel's performance were previously determined in its ruling on the petitioner's motion to withdraw his guilty plea. The post-conviction court further explained the proof of the allegations would be limited to appellate counsel's performance because the previous determination ruling related to the allegations against trial counsel. Appellate counsel testified that he was appointed to represent the petitioner following the entry of his guilty plea and the imposition of sentence. He recalled that he met with the petitioner "in detail" and spent 85.6 hours working on his appeal. He recalled researching the withdrawal of the guilty plea issue in depth and concluding that the petitioner would face "possibly up to 300 years" if the case went to trial. Appellate counsel documented in his notes that the petitioner did not want to go to trial and did not want to take any "excessive risk" referring to "the number of years [the petitioner] could face" at trial. Appellate counsel testified that he advised the petitioner regarding all of the possible appellate issues and told him that it was the petitioner's decision which to raise. He recalled that the petitioner told him, "No, don't do it" regarding the denial of the motion to withdraw.

The petitioner testified regarding trial counsel's performance. He stated that he repeatedly asked trial counsel to hire a private investigator to interview the victims and other related witnesses in order to discover the source of alleged inconsistencies between the victims' statements to investigators and statements given at the preliminary hearing. He also testified that he was under the influence of several medications at the time of his guilty plea. The petitioner claimed that the medications, in conjunction with trial counsel's poor investigation and advice, led him to make "uneducated decisions [that] have caused a lot of problems since then." The petitioner also testified that the terms of his plea agreement changed a week before trial, causing him additional stress that

affected his decision-making. The petitioner testified that he was not confident at all in trial counsel's preparation for sentencing and felt that trial counsel should have cross-examined the victims at the sentencing hearing. The petitioner also recalled filing "five complaints" with the Board of Professional Responsibility regarding trial counsel after the sentencing hearing and wanting substitute counsel appointed.

On cross-examination, the petitioner acknowledged that he told appellate counsel not to raise the issue of the denial of the motion to withdraw on appeal because he was fearful of what sentence he might receive if the case went to trial. He also stated that he had no issue with his guilty plea at the present time but that "the only things I really even wish to appeal or try to fight for would be sentencing issues or mitigation." He further stated that if granted post-conviction relief, he would take a plea offer again. He also acknowledged that any cross-examination regarding the victims' alleged sexual histories would not have made him any less culpable in light of his guilty plea to the offenses. The petitioner testified that he thought he should have gotten a lesser sentence based upon the mental-health issues related to his sexual abuse victimization as a child; however, he testified that he did not have an expert present to testify at the evidentiary hearing who would add anything to the relevant evidence already considered by the trial court at sentencing. Ultimately, the petitioner admitted that trial counsel "couldn't have put on any other proof or any other – anything else that wasn't already said" and that "there was nothing else [trial counsel] could have done."

In a detailed order denying the petition for post-conviction relief, the post-conviction court found that many of the petitioner's claims relative to trial counsel's investigation and advice had been previously determined during the litigation of his motion to withdraw his guilty plea. The post-conviction court also noted that appellate counsel had numerous conversations with the petitioner regarding the appeal of the denial of the motion to withdraw his guilty plea during which he advised the petitioner regarding the peril of facing up to three hundred years' incarceration if successful on appeal and that the petitioner, as memorialized by correspondence, indicated that he did not want to pursue an appeal of that issue. The post-conviction court found that appellate counsel did not perform deficiently by failing to appeal the issue of the denial of the motion to withdraw. Relative to trial counsel's failure to interview or present certain witnesses, the post-conviction court found that the petitioner failed to present the witnesses at the evidentiary hearing and, thus, failed to establish ineffective assistance of counsel. Following our review, we affirm the judgment of the post-conviction court.

ANALYSIS

The burden in a post-conviction proceeding is on the petitioner to prove his grounds for relief by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f). On appeal, we are bound by the trial court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. Fields v. State, 40 S.W.3d 450, 456 (Tenn. 2001). Because they relate to mixed questions of law and fact, we review the trial court's conclusions as to whether counsel's performance was deficient and whether that deficiency was prejudicial under a de novo standard with no presumption of correctness. Id. at 457.

-3-

Under the Sixth Amendment to the United States Constitution, when a claim of ineffective assistance of counsel is made, the burden is on the petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); see Lockhart v. Fretwell, 506 U.S. 364, 368-372 (1993). In other words, a showing that counsel's performance falls below a reasonable standard is not enough; rather, the petitioner must also show that but for the substandard performance, "the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The Strickland standard has been applied to the right to counsel under Article I, Section 9 of the Tennessee Constitution. State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn. 1989).

Initially, we agree with the trial court that any issues related to the voluntariness of the petitioner's guilty plea, inasmuch as they were addressed pursuant to the petitioner's motion to withdraw his guilty plea, have been previously determined and not properly alleged in this post-conviction petition. See Tenn. Code Ann. § 40-30-106 (f) and (h) ("A ground for relief is previously determined if a court of competent jurisdiction has ruled on the merits after a full and fair hearing."). We further note the petitioner's testimony at the evidentiary hearing regarding his satisfaction with the guilty plea itself, although not the sentence imposed, and his desire to enter another plea if granted post-conviction relief. Under these circumstances, we conclude that the petitioner has not proven his allegations by clear and convincing proof.

Relative to the remaining issues of appellate counsel's performance and trial counsel's performance at sentencing, we conclude that the petitioner's testimony at the evidentiary hearing refutes the allegations contained in the petition. As previously noted, the petitioner essentially testified at the evidentiary hearing that he did not want to face trial if granted post-conviction relief. He stated that he was essentially only challenging counsel's performance in relation to the trial court's imposition of sentence. Relative to any additional witnesses he claimed trial counsel should have presented in support of his sentencing arguments, the petitioner failed to present any additional proof at the post-conviction evidentiary hearing regarding any alleged witnesses. For this reason alone, the petitioner failed to meet his burden of proof at the evidentiary hearing. See State v. Black, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990) (when a petitioner contends that trial counsel failed to discover, interview, or present witnesses in support of his defense, these witnesses should be presented by the petitioner at the evidentiary hearing). Furthermore, he acknowledged that there was nothing else that trial counsel could have done and that the trial court had all the information available to it at sentencing. Therefore, we conclude that the evidence does not preponderate against the findings of the post-conviction court regarding the allegations surrounding counsel's performance and appeal of the petitioner's sentence. The record supports the trial court's denial of the petition for post-conviction relief.

CONCLUSION

-4-

In consideration of the foregoing, the judgment of the post-conviction court denying the petition for post-conviction relief is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE